IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dennis R. Prieve, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   12 C 2446 |
| Stoneleigh Recovery Associates, LLC, an Illinois limited liability company, The Bureaus, Inc., an Illinois corporation, and Bureaus Investment Group Portfolio No. 15, LLC, an Illinois limited liability company, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Dennis R. Prieve, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

## PARTIES

3.      Plaintiff, Dennis R. Prieve ("Prieve"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt, which was owed for a HSBC account.

4.      Defendant, Stoneleigh Recovery Associates, LLC ("SRA"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant SRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant SRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, The Bureaus, Inc. ("Bureaus"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Bureaus operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Bureaus was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant, Bureaus Investment Group Portfolio No. 15, LLC ("Bureaus Investment"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer

debts.  Defendant Bureaus Investment operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Bureaus Investment was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants are authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, Defendants conduct business in Illinois.

8. Moreover, Defendants SRA and Bureaus are licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Defendants SRA and Bureaus act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Prieve fell behind on paying his bills.  At some point in time after a debt he allegedly owed to HSBC became delinquent, it was allegedly sold to a bad debt buyer – either Bureaus or Bureaus Investment, who then began trying to collect upon it, by having SRA send Ms. Prieve an initial form collection letter, dated March 15, 2012.  This collection letter twice stated: "Debt Owed To: THE CLIENT, THE BUREAUS INC.", but also stated that: "BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC has referred your delinquent account of $3,053.91 to this agency for collection".  Defendants' letter failed to explain what the relationship or difference was between The Bureaus, Inc. and Bureaus Investment Group Portfolio No. 15, LLC.  A copy of Defendants' letter is attached as Exhibit C.

10. In fact, Defendant Bureaus Investment is likely the bad debt buyer which allegedly bought the debt and Defendant Bureaus was likely not the owner of the debt; rather, it merely placed the debt, which Bureaus Investment allegedly owned, with Defendant SRA for collection.

11. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

13. Plaintiff adopts and realleges ¶¶'s 1-12.

14. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Mr. Prieve with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

15. Defendants' form collection letter violates § 1692g(2) of the FDCPA because it failed to identify effectively that Defendant Bureaus Investment was allegedly the current creditor to whom the debt was owed.

16. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA --**
**Making A False Statement Of The Name Of Creditor**

17. Plaintiff adopts and realleges ¶¶'s 1-12.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

19. Defendants violated § 1692e of the FDCPA by falsely stating in their collection letter (Exhibit C), that the debt was owed to the Bureaus, when, in fact, the debt was owed to Bureaus Investment.

20. Defendants' violation of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

21. Plaintiff, Dennis R. Prieve, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally for an HSBC account that was then allegedly owed to Bureaus and/or Bureaus Investment, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

22. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Prieve, in their attempts to collect delinquent consumer debts from other consumers.

23. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Prieve.

24. Plaintiff Prieve's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26. Plaintiff Prieve will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Prieve has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Dennis R. Prieve, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Prieve as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Prieve and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dennis R. Prieve, individually, and on behalf of all others similarly situated, demands trial by jury.

                Dennis R. Prieve, individually, and on behalf of all others similarly situated.

                By: /s/ David J. Philipps_____
                One of Plaintiff's Attorneys

Dated: April 3, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

7